# In the United States Court of Federal Claims

No. 18-1552C

(Filed: March 8, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DOROTHY CATO and CHRISTOPHER CATO,**

       Plaintiffs,

v.

**THE UNITED STATES,**

       Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted.

### Background[1]

Plaintiffs pro se Dorothy and Christopher Cato are residents of the state of Texas. Plaintiffs' handwritten complaint is difficult to understand, but Plaintiffs appear to allege that they have not been paid a $1,282,000 award resulting from a default judgment entered in their favor in the District Court of Harris County, Texas on December 5, 2001. Compl. 1, 4-6. Plaintiffs request that this Court assist them in recovering their default judgment plus interest, stating that they bring this complaint "to the Federal Court for Restitution . . ., with Interest of 17% Annually as Stated in the Original Default Judgment Plus the Policy Limits." Id. at 3.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497

---

[1] This background is derived from Plaintiffs' complaint.

7018 0680 0001 4670 3948

F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiffs' default judgment was granted by a state court against a private company. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). Because Plaintiffs allege claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims. Nor does this Court have jurisdiction to review decisions rendered by state courts. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). To the extent that Plaintiffs allege claims of theft or fraud, this Court may not entertain such claims as this Court lacks jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

In their response to Defendant's motion to dismiss, Plaintiffs appear to invoke 28 U.S.C. § 1292, and to allege violations of the First and Fourteenth Amendments to the Constitution, but these authorities do not grant jurisdiction to this Court. Section 1292 of Title 28, entitled Interlocutory Decision, governs appeals of interlocutory orders and does not grant jurisdiction to this Court. 28 U.S.C. § 1292 (2012). This Court does not have jurisdiction over Plaintiffs' First and Fourteenth Amendment claims, as these provisions are not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010).

## **Conclusion**

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*(signature)*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**